**UNITED STATES of America,**
Appellee,

v.

**Jose Antonio CAPELLAN, Defendant,**

**Pedro Juan Fermin, Pedro Capellan,**
**Defendants–Appellants.**

No. 03–1083.

United States Court of Appeals,
Second Circuit.

April 23, 2004.

Andrew L. Fish, Assistant U.S., Attorney, for David N. Kelley, U.S., Attorney for the Southern District of New, York, Laura Grossfield Berger, Assistant U.S. Attorney, New York, NY, for Appellee: of counsel.

Jorge DeJesus Guttlein, Aranda & Guttlein, New York, NY, for Defendant–Appellant.

Present: OAKES, WINTER, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant–Appellant Pedro Juan Fermin pled guilty to an indictment charging him with conspiring to distribute and possess with intent to distribute five kilograms and more of cocaine, and with attempting to distribute and possess with intent to distribute five kilograms and more of cocaine, both violations of 21 U.S.C. § 846. Fermin was sentenced to 87 months' imprisonment, five years of supervised release, and a $200 special assessment. On appeal, Fermin argues that the district court erred (1) in failing to grant him a minor role adjustment under U.S.S.G. § 3B1.2(b), and (2) in refusing to allow his common-law wife to testify in support of his request for a downward departure based on the allegedly aberrant nature of his offense.

I.

■ It is well-established that "[a] defendant's courier status does not entitle him automatically to the benefits of the minor and minimal role adjustments." *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir.1993). A courier's culpability "must depend necessarily on such factors as the nature of the defendant's relation-

ship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Garcia,* 920 F.2d 153, 155 (2d Cir.1990). On the facts of this case, it was entirely reasonable for the district court to find that the defendant's provision of a car with a hidden compartment in which to hide drugs was important to the operation's success. Further, Fermin clearly had some awareness of the nature and scope of the enterprise, since he knew he was to be paid based upon the amount of cocaine he was to transport.

## II.

Whether or not to conduct an evidentiary hearing at sentencing is a decision committed to the district court's "broad discretion." *United States v. Zagari,* 111 F.3d 307, 330 (2d Cir.1997). Fermin did not object to the district court's decision not to allow his wife to testify at his sentencing hearing; accordingly, we review that ruling for plain error. *United States v. Keigue,* 318 F.3d 437, 441–42 (2d Cir.2003). Since the court was prepared to accept as true the defense's assertions about Fermin's past conduct, its judgment that the defendant's wife's testimony would be redundant cannot be called erroneous.

We have considered all of the appellant's arguments and found them to be without merit. Accordingly, we AFFIRM the judgment of the district court.